UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN ALLEN BARNETT,<br><br>　　Plaintiff,<br><br>v.<br><br>CYNTHIA L. MIGAN and AMANDA R. WAGNER,<br><br>　　Defendants. | Case No. 17-cv-11736<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER
DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [1]**

Plaintiff Jonathan Barnett is a Michigan prisoner and married to Teri Jackson, who is on probation. Jackson's probation officer, Defendant Cynthia Migan, prohibited Jackson from having contact with any convicted felons, including Barnett. As a result, Jackson was removed from Barnett's visitor list. (R. 1, PID 5.) Accordingly, Barnett filed this lawsuit and seeks a temporary restraining order and preliminary injunction "prohibiting Defendants and their agents from continuing their association ban." (R. 1, PID 9.) The Court ordered Defendants to respond to Plaintiff's complaint and motion. (R. 7.) Defendants have done so, and Plaintiff has filed a reply brief. (R. 13, 14.) After careful consideration of the briefs and thorough review of the pleadings, the Court finds that oral argument will not aid in resolving the pending motion. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, Plaintiff's motion for a temporary restraining order will be DENIED and the case will be DISMISSED WITHOUT PREJUDICE.

**I.**

Barnett married Teri Jackson in September 2016. (*Id.* at PID 3.) Barnett was then (and still is) incarcerated at Central Michigan Correctional Facility. (*Id.*) On April 11, 2017, Jackson,

a prison guard, pled guilty to furnishing a cell phone to a prisoner (not Barnett) in Roscommon County Jail, where she worked. (R. 1, PID 4; R. 13, PID 44.) As a condition of her probation for this offense, Jackson is not allowed to have contact with anyone she knows to have a felony record. (R. 13-2, PID 56.) Defendants Cynthia Migan and Amanda Wagner are the probation officers who imposed and sought to enforce this condition. (R. 1, PID 4.)

On April 11, 2017, nonparty Jamie Bagerow (administrative assistant to the Central Michigan Correctional Facility Warden) sent a memorandum to both Barnett and Jackson stating that Jackson had been removed Barnett's visitor list "because of [her] status as a felony probationer, the terms of [her] probation not allowing contact with a felon, and [her] probation agent not approving of visits with Mr. Barnett." (R. 1, PID 4–5.) In response to Barnett's subsequent kite, Badgerow informed Barnett that a parolee or probationer who is an immediate family member of an inmate can be placed on a visitor list—but only with the Warden's permission. (*Id.* at PID 5.) Shortly thereafter, Barnett filed suit. (R. 1.) The only Defendants are his wife's probation officers. (*Id.*)

On June 23, 2017, after Barnett filed the complaint but before Defendants responded, Assistant Deputy Director of the Metropolitan Territory Field Operations Administration Beverly Smith "removed the restriction that prohibited verbal, written, or electronic communication between probationer Teri Renee Jackson and her husband, prisoner Jonathan Barnett[.]" (R. 13-3, PID 60.) However, "prison visitation" remained "subject to the warden's approval in accordance with MDOC policy." (*Id.*); (*see also* R. 14, PID 95.)

## II.

"In addressing a motion for a preliminary injunction, a court should consider: (1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer

irreparable harm without the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest will be advanced by issuing the injunction." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009). Ultimately, the grant or denial of injunctive relief is left to this Court's discretion. *Wilson v. Gordon*, 822 F.3d 934, 952 (6th Cir. 2016).

**III.**

Defendants' primary argument is that Barnett cannot demonstrate a likelihood of success on the merits because he "lacks standing to challenge a condition of his wife's probation." (R. 13, PID 46.) Indeed, "to succeed on the merits at trial, [Barnett] will bear the burden of proving [his] standing to sue in addition to the unlawfulness of the defendants' practices, and . . . a plaintiff's likelihood of successfully showing standing is properly considered as part of the overall analysis of the likelihood of success on the merits[.]" *United States Student Ass'n Found. v. Land*, 585 F. Supp. 2d 925, 942 (E.D. Mich. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *N.E. Ohio Coalition for Homeless & Serv. Employees Int'l Union v. Blackwell*, 467 F. 3d 999, 1010 (6th Cir. 2006)).

"The jurisdiction of federal courts is limited by Article III of the United States Constitution to consideration of actual cases and controversies, therefore federal courts are not permitted to render advisory opinions." *Adcock v. Firestone Tire and Rubber Co.*, 822 F.2d 623, 627 (6th Cir. 1987). "The several doctrines that have grown up to elaborate that requirement are 'founded in concern about the proper—and properly limited—role of the courts in a democratic society.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Among these doctrines is standing, which asks whether the plaintiff has "alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court

jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975).

> The "irreducible minimum" of constitutional standing requires
>
> (1) that the plaintiff have suffered an 'injury in fact'—an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of—the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Bennett v. Spear*, 520 U.S. 154, 167 (1997). In this case, it is unlikely that a favorable decision from this Court would redress Barnett's alleged injury. Again, Barnett has sued only his wife's probation officers. And there is no indication that they have the authority to put Jackson on Barnett's visitor list. So even if the Court were to enjoin Defendants, it is speculative that such an order would redress the injury that Barnett alleges here. MDOC Policy Directive 05.03.140(K)(3) provides that a "probationer who is an immediate family member may be place[d] on the prisoner's approved Visitor List with prior approval of the Warden of the facility where the visit will occur <u>and</u> written approval of the supervising field agent." (R. 13-6, PID 85.) So even if this Court were to require Defendants to allow Jackson to have contact with Barnett, Jackson would still need the prior approval of the Warden of Central Michigan Correctional Facility before she could be placed on his visitor list again.

Furthermore, Barnett brings this action essentially to challenge a condition of his wife's probation. She is prohibited from having contact with any felon, including her husband. With this condition in place, she is restricted from being on Barnett's visitor list. So Barnett wants the condition removed. "In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers*

4

*v. Ohio*, 499 U.S. 400, 410 (1991). However, a litigant may bring an action on behalf of a third party

> provided three important criteria are satisfied: The litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.

*Id.* Nothing in the complaint or briefing suggests that Jackson is currently unable to protect her own interests. "In short, [Barnett] is not the proper party to contest [Jackson's] probation conditions." *See Zargarpur v. Townsend*, 18 F. Supp. 3d 734, 738 (E.D. Va. 2013). *See also Drollinger v. Milligan*, 552 F.2d 1220, 1227 n.5 (7th Cir. 1977) (holding that a father lacked standing to challenge his daughter's probation conditions because "[t]he terms of probation which intend to circumscribe Rosanna's conduct are personal to Rosanna, even though they may affect the rights of others as well").

For these reasons, the Court finds that Barnett lacks standing to bring suit. Where a plaintiff has no standing, "this Court has no authority to reach the merits of their case, much less rule on their motion for a preliminary injunction." *Food & Water Watch, Inc. v. Vilsack*, 79 F. Supp. 3d 174, 206 (D.D.C. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006)).[1]

---

[1] Defendants moved for summary judgment in their response brief; however, the Court's Electronic Filing Policies and Procedures state that "a response or reply to a motion must not be combined with a counter-motion." E.D. Mich. Local Rules App'x ECF R. 5(e). However, because standing implicates this Court's jurisdiction, *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996), the Court has determined that the case will be dismissed.

5

## IV.

For the reasons set forth above, Barnett's motion for a temporary restraining order and preliminary injunction (R. 1) is DENIED and Barnett's complaint (R. 1) is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

                                             s/Laurie J. Michelson
                                             LAURIE J. MICHELSON
Dated: August 11, 2017                U.S. DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 11, 2017.

                                             s/Keisha Jackson
                                             Case Manager